**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin (253265)
david@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**360 CONSUMER LAW**
Kyle Gurwell (289298)
kng@lawofficekg.com
10055 Slater Ave., Suite 250
Fountain Valley, CA 92708
Telephone: (562) 600-9989

*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**ERNESTO RAMOS,**

**Plaintiff,**

**v.**

**CREDIT CORP SOLUTIONS, INC.; AND, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION,**

**Defendants.**

**Case No.:** 2:25-cv-02811-AH-JDE

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *ET SEQ.*;**
**(2) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*; AND,**
**(3) CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE § 1798.92, *ET SEQ.***

**JURY TRIAL DEMANDED**

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. Plaintiff ERNESTO RAMOS ("Plaintiff") brings this action to challenge the illegal actions of defendants CREDIT CORP SOLUTIONS, INC. ("Credit Corp") and PATENAUDE & FELIX, A PROFESSIONAL CORPORATION ("P&F") (together the "Defendants") for violations of: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (2) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, and (3) the California Identity Theft Act ("CITA"), Cal. Civ. Code § 1798.92, *et seq*.

2. This action arises out of Defendants' unlawful conduct with regards to the collection of a fraudulent debt that was the result of identity theft.

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a high number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. *See* Cal. Civ. Code §§ 1788.1 (a)-(b).

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Unless otherwise stated, all the conduct engaged in by Defendants took place in California and within the County of Ventura.

9. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

**JURISDICTION AND VENUE**

11. This action arises out of Defendants' violations of the FDCPA, RFDCPA and CITA.

12. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692*, et seq*. (FDCPA) and 28 U.S.C. § 1367 for supplemental state claims which are related to claim in the action within such original jurisdiction, and form part of the same case or controversy under Article III of the United States Constitution.

13. The violations alleged herein against Plaintiff, at all relevant times herein, occurred in the County of Ventura, State of California, where Plaintiff resides.

14. Because Defendants conduct substantial business directed to and within the State of California (including within the County of Ventura), personal jurisdiction is established.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (1) the acts and transactions occurred within this judicial district; (2) Defendants transact



KAZEROUNI LAW GROUP, APC

business in this judicial district at all times relevant; and (3) because Defendants are subject to personal jurisdiction in this judicial district.

**PARTIES**

16. Plaintiff is a natural person who at all relevant times alleged herein is a resident of the County of Ventura, State of California, from whom Defendants sought to collect a fraudulent consumer "debt," which is alleged to be due and owing from Plaintiff, as defined by Cal. Civ. Code § 1788.2(d) and 15 U.S.C. §1692a(5). Plaintiff is also a senior citizen under California Civil Code § 3345.
17. Such "debt" was the result of "identity theft" as defined by Cal. Civ. Code § 1798.92(b).
18. Additionally, Plaintiff is a "debtor," as that term is defined by Cal. Civ. Code § 1788.2(h) and a "consumer" as that term is defined by 15 U.S.C. §1692a(3).
19. Plaintiff is also a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d).
20. Further, Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).
21. Upon information and belief, Credit Corp is a Delaware corporation with its principal address located at: 121 West Election Road, Suite 200A, Draper, UT 84020.
22. Credit Corp is also a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).
23. Credit Corp (primarily in the course of its business) collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due. In doing so, Credit Corp uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Credit Corp in the ordinary course of business, regularly, on behalf of itself and/or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code §1788.2(c).

24. P&F is a California professional corporation that primarily engages in debt collection, with its principal offices located at 9619 Chesapeake Drive, Suite 300, San Diego, CA 92123.

25. P&F (primarily in the course of its business) collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due. In doing so, P&F uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. P&F in the ordinary course of business, regularly, on behalf of itself and/or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code §1788.2(c).

26. This action arises out of an alleged fraudulent "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

27. This matter involves a "consumer credit transaction" (i.e. a transaction between a natural person and another person in which property or money was acquired on credit primarily for personal, family, or household purposes). *See* Cal. Civ. Code §§ 1788.2(e), 1788.2(f), 15 U.S.C. § 1692a(5), and 15 U.S.C § 1679a(2).

28. This case also involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

31. At all times relevant, Plaintiff is and was an individual, and a victim of identity theft, residing within the State of California.

32. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California and within this district.

33. Sometime in or around October of 2024, Plaintiff discovered for the first time that his identity had been stolen when he was served with a lawsuit filed in the Superior Court of California, County of Ventura (Case No.: 2024CLCL030989) (the "Debt Collection Lawsuit") relating to a Citibank, N.A. ("Citibank") credit account ending in account number 5627 (the "Account").

34. Upon information and belief, Credit Corp. is the current and sole owner of the Account, which was purchased by Credit Corp. from Citibank sometime after November of 2020.

35. The Debt Collection Lawsuit, filed by P&F on behalf of its client Credit Corp. on or about August 21, 2024, seeks $13,780.80 from Plaintiff for the alleged outstanding balance on the Account.

36. Prior to being served with the Debt Collection Lawsuit, P&F mailed Plaintiff two debt collection letters in or around late April and June of 2024 on behalf of Credit Corp. attempting to collect on the Account.

37. However, Plaintiff did not realize until reviewing the Complaint in the Debt Collection Lawsuit that his identity was stolen. This is because the Debt Collection Lawsuit contained various account statements attached to the Complaint that Plaintiff immediately realized did not belong to him.

38. Upon being served with the Debt Collection Lawsuit, Plaintiff immediately become distraught as he did not recognize the Account and knew that his identity must have been stolen.

39. At no time did Plaintiff open the Account or authorize anyone to open the Account on his behalf.

40. Plaintiff never used the Account, benefitted from the Account, or otherwise authorized any purchases on the Account.

41. Plaintiff believes an unknown fraudster used his "personal identifying information" as that term is defined by Cal. Civ. Code § 1798.92(d) to open the Account without his knowledge or consent.



KAZEROUNI LAW GROUP, APC

42. Upon finding out that he was a victim of identity theft, Plaintiff immediately filed a police report with the Simi Valley Police Department on October 21, 2024.

43. Plaintiff also contacted P&F around this same time to dispute the underlying debt associated with the Account due to identity theft.

44. However, despite putting Defendants on notice that the Account did not belong to him, Defendants continued to actively collect on the Account, including by continuing with the prosecution of a frivolous lawsuit against Plaintiff.

45. Left with no choice, Plaintiff was forced to retain (and pay) an attorney to represent him in the Debt Collection Lawsuit.

46. On December 4, 2024, Plaintiff filed an Answer in the Debt Collection Lawsuit.

47. Then, on or about January 16, 2025, Plaintiff sent Credit Corp a Notice of Identity Theft and Notice of Dispute of Debt via certified mail, return receipt requested ("ID Theft Dispute") disputing that the Account belonged to him and explaining the circumstances of the identity theft.

48. In the ID Theft Dispute Plaintiff included: (1) a detailed narrative of the circumstances of the identity theft; (2) his personal identifying information; (3) his driver's license; (4) a copy of the police report he filed with the Simi Valley Police Department on October 21, 2024, inclusive of the police report number and the contact information for the police department; (5) an invitation to communicate with law enforcement regarding the identity theft; and (6) a detailed ID Theft Affidavit (signed in front of a non-relative witness).

49. This ID Theft Dispute was received by Credit Corp on or about January 21, 2025.

50. A copy of the ID Theft Dispute was also sent to P&F via email by Plaintiff's counsel on April 1, 2025.

51. Plaintiff did not receive a response to his ID Theft Dispute from Defendants.

52. Instead, Defendants have continued to attempt to hold Plaintiff liable for a debt that does not belong to him despite his efforts to thoroughly dispute the Account.

KAZEROUNI LAW GROUP, APC

53. Indeed, as of the filing of this Complaint, Defendants still seek to hold Plaintiff liable for the underlying debt associated with the Account, and the Debt Collection Lawsuit is still presently pending against Plaintiff.

54. As a result of the actions of Defendants, Plaintiff has suffered out-of-pocket harm, wasted time, and significant emotional distress.

55. The harm caused by Defendants is continuing through the present day. Indeed, Plaintiff still has feelings of hopeless, anxiety, stress and anger that he might never get this situation resolved–especially since he is still actively defending himself in the Debt Collection Lawsuit.

56. The refusal of Credit Corp to honor Plaintiff's fraud claim within 30 days of receiving such written notice is in violation of Cal. Civ. Code § 1798.92.

57. Plaintiff has been suffering from monetary damages and severe mental distress, emotional distress, and trauma due to Defendants' failure to honor his fraud claims.

58. Such damages are likely to continue to accrue unless Credit Corp is permanently enjoined from holding Plaintiff liable for a debt that does not belong to him and Credit Corp is ordered to declare Plaintiff's lack of liability to as to the Account at issue pursuant Cal. Civ. Code §§ 1798.93(c)(1)-(2).

59. Plaintiff has spent countless hours disputing this Account without success.

60. Plaintiff's anxiety, frustration, stress, lack of sleep, nervousness, anger, and embarrassment continues to this day because he is still being held liable for a debt that does not belong to him.

61. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

62. Through this conduct, Defendants have violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.



KAZEROUNI LAW GROUP, APC

63. Through this conduct, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

65. Through this conduct, Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

66. Through this conduct, Defendants violated 15 U.S.C. § 1692f(1) by collecting an amount not owed, authorized by any agreement or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

67. As a result of Defendants' actions, omissions, and willful action and inaction, Plaintiff has suffered damage by personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

68. Plaintiff has suffered pecuniary loss in attempting to dispute the Account, without success, including but not limited to time loss, charges for cellular phone usage, court costs and attorneys' fees, and costs of mailing the disputes.

//

//

//



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, *Et Seq.*
### [AS TO BOTH DEFENDANTS]

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq*.

71. Defendants engaged in debt collection activity concerning the Account, which is an invalid debt that was not in fact owed and was the result of identity theft, despite being on notice that Plaintiff disputed the Account.

72. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.000 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, *Et Seq.*
### [AS TO BOTH DEFENDANTS]

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

75. Defendants engaged in debt collection activity concerning the Account, which is an invalid debt that was not in fact owed and was the result of identity theft, despite being on notice that Plaintiff disputed the Account,

76. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code §1788.30(a); statutory damages for knowing or willful violation in the amount of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30, from each Defendant.

## COUNT III
## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE § 1798.92-1798.97
## [AS TO CREDIT CORP]

77. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, *et seq*., including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

78. As alleged herein, in October of 2024 Plaintiff first became aware that his identifying information was used without his knowledge or consent to open the Account.

79. Prior to bringing this action, Plaintiff sent a copy of the Police Report and ID Theft Affidavit to Credit Corp.

80. However, Credit Corp's collection activity continued after the thirty-day period following the receipt of Plaintiff's ID Theft Dispute in January of 2024.

81. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

//

//

//

//



KAZEROUNI LAW GROUP, APC

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

**FIRST CAUSE OF ACTION**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692, *Et Seq.***
**[AS TO BOTH DEFENDANTS]**

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Treble damages pursuant to California Civil Code § 3345; and,
- Any and all other relief the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,**
**CAL. CIV. CODE § 1788, *Et Seq.***
**[AS TO BOTH DEFENDANTS]**

- An award of actual damages pursuant to California Civil Code § 1788.30(a) against each Defendant;
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) against each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) against each Defendant;
- Treble damages pursuant to California Civil Code § 3345; and
- Any and all other relief the Court deems just and proper.

//

//

//



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

**THIRD CAUSE OF ACTION**
**CALIFORNIA IDENTITY THEFT ACT,**
**CAL. CIV. CODE § 1798.92, *ET SEQ.***
**[AS TO CREDIT CORP]**

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- A declaration regarding Plaintiff's lack of liability to the claimants pursuant Cal. Civ. Code §§ 1798.93(c)(1)-(2);
- Treble damages pursuant to California Civil Code § 3345;
- An injunction regarding claimants pursuant Cal. Civ. Code § 1798.93(c)(3); and,
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 2, 2025

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _*/s/ David J. McGlothlin*__
David J. McGlothlin, Esq.
Pamela E. Prescott, Esq.
*Attorneys for Plaintiff*